UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                    Case No.: 1-05-13887-dem

L.K.                                                                        Chapter 7

                            Debtor.
---------------------------------------------------------x

## DECISION AND ORDER REOPENING DEBTOR'S CHAPTER 7
## CASE TO SEAL RECORDS AND AMEND TITLE

On March 21, 2005, L.K. (the "debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Chapter 7 case"). On June 15, 2005, the debtor filed a Complaint commencing an Adversary Proceeding against Educational Credit Management Corporation, Case No. 1-05-1220-dem (the "Adversary Proceeding"). The Court held a hearing on the Adversary Proceeding and rendered a Decision and Order on September 21, 2006. The debtor received a discharge in her Chapter 7 case on July 15, 2005. The Adversary Proceeding was closed on October 5, 2006, and the Chapter 7 case was closed on November 11, 2006. The debtor now seeks to reopen her Chapter 7 case to seal her records and amend the title of the decision in the Adversary Proceeding. On April 4, 2009 the debtor filed a Motion to reopen the Chapter 7 case, seal Court records, and waive the filing fee ("the Application"). On April 21, 2009, the Court held a hearing on the Application. For the reasons stated below, the Court hereby denies debtor's request to seal all records in the Chapter 7 case and the Adversary Proceeding. The Court orders that the Chapter 7 case be reopened, and that the caption of the main case, the caption of the title of the published Decision and Order in the Adversary Proceeding and all references in both matters to the full name of the debtor be amended to "L.K." The Court waives the debtor's filing fees for the Application.

The Court treats the Application as a motion made under 11 U.S.C. § 107(b)(2) of the Bankruptcy Code. 11 U.S.C. § 107(b)(2) provides "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may... (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."  11 U.S.C. § 107(b)(2).  Federal Rule of Bankruptcy Procedure 9018 provides the procedure for invoking the court's power under 11 U.S.C. § 107.

A motion under Rule 9018 is left to the sound discretion of the court. Hope on Behalf of Clark v. Pearson, 38 B.R. 423 (Bankr. M.D. Ga.1984). As a general rule, however, motions to seal pleadings and other documents are disfavored and "should be entered only when actually necessary to protect a party from harm."  In re Sherman-Noyes & Prairie Apartments Real Estate Investment Partnership, 59 B.R. 905, 909 (Bankr. N.D. Ill. 1986). "In the Second Circuit, documents which are part of the court record should not remain under seal absent the most compelling reasons." In re Fibermark Inc., 330 B.R. 480, 503-04 (Bankr. D. Vt. 2005) ((citing In re Ionosphere Clubs Inc., 156 B.R. 414, 434 (S.D.N.Y. 1993)).  The movant has the burden of proof to demonstrate the grounds for an exception under § 107(b)(2). In re Chase, 2008 WL 2945997, 6 (Bkrtcy.S.D.N.Y. 2008) (citing In re Food Mgmt. Group, LLC, 359 B.R. 542, 556 (Bankr. S.D.N.Y. 2007)). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." Id. (internal citations omitted).

The debtor argues that the Decision and Order rendered in the Adversary Proceeding contains extremely personal medical information and is available on-line. The Decision and Order also contains personal information including the debtor's address, salary and

employment history. The debtor believes that the publication of this information will make it difficult for her to obtain employment.

Included in the decision in debtor's Adversary Proceeding are diagnoses of severe depression and psychiatric treatment. The Court finds that this information, along with other personal information contained in the Adversary Proceeding, though sensitive, does not rise to the level of "scandalous or defamatory" under 11 U.S.C. § 107(b)(2) to warrant the sealing of all court records in the Chapter 7 case and the Adversary Proceeding. However, the Court recognizes that a stigma is attached to mental illness and that the publication of debtor's full name will likely be a detriment to debtor's attempts at future employment. For this reason, the Court orders that the caption of this Decision and Order, the caption of the Adversary Proceeding and the Decision and Order in the Adversary Proceeding and all references to the full name of the debtor in each of those documents to be amended to "L.K." The Court finds this the most appropriate remedy under the circumstances.

The debtor's motion to seal the records in Case No. 1-09-41966-dem and the Adversary Proceeding, Case No. 1-05-1220-dem, is denied. The Court will order the relief set forth in the preceding paragraph and issue letters to Lexis Nexis and Westlaw to such effect. Any fees associated with the filing of this Application are hereby waived.

IT IS SO ORDERED.

Dated: Brooklyn, New York
July 6, 2009

                                                   S/ Dennis E. Milton
                                                  DENNIS E. MILTON
                                             United States Bankruptcy Judge